MARY KELLY, Respondent, v. WILLIAM F. FRAZIER, Appellant.

No. 3063; July 9, 1872.

**Negligence—Presumption in Favor of Judgment for Personal Injuries.**—Upon a judgment found against a defendant in an action for damages for personal injuries suffered by the plaintiff through the defendant's default, the law presumes that every fact necessary to sustain the judgment was found against the defendant.

**Negligence—Falling of Lumber—Contributory Negligence.**—In an action for damages for personal injuries suffered by the plaintiff through the falling upon her of the defendant's lumber, alleged to have been negligently piled, the fact that at the time of the accident the plaintiff was sitting on other lumber would not show such contributory negligence as ought to bar a recovery.

APPEAL from Sixth Judicial District, Sacramento County.

Thos. Conger for respondent; Alexander, Armstrong & Hinkson for appellant.

BELCHER, J.—This is an action to recover damages for an injury received by the plaintiff from the falling upon her of a pile of lumber alleged to have been negligently and insecurely piled by the defendant in a public alley in the city of Sacramento.

The case was tried by the court and judgment, without written findings, rendered for the plaintiff. The defendant moved for a new trial and his motion was denied.

The law presumes that every fact necessary to sustain the judgment was found against the defendant.

The principal questions involved were whether the defendant had a right, under the circumstances shown in the case, to pile the lumber in the alley, and if he had, whether he piled it up in a secure or careless manner, and whether the plaintiff's negligence contributed to the injury.

On the whole we cannot say that the court erred in finding upon these questions against the defendant. The lumber had been recently piled up preparatory to its being removed into the defendant's lumber yard. It does not appear that there

47

was any interference with it after it was piled up, so as to make it more insecure than it otherwise would have been, nor does it appear that the plaintiff in any way caused it to fall. She was sitting near it upon other lumber, but there is nothing to show that she had, or had any occasion to have, any apprehensions of its falling.

The fact that she was sitting upon the other lumber, and that she would not have been injured if she had not been there, does not show such contributory negligence as to demand a reversal of the judgment on that account.

Judgment and order affirmed.

We concur: Crockett, J.; Niles, J.; Wallace, C. J.; Rhodes, J.